UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CORNELIUS R. MADDOX,

       Petitioner,

  v.                                                               Case No. 08-C-984

WILLIAM POLLARD,

       Respondent.

## ORDER

On November 17, 2008, Cornelius R. Maddox filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court on April 16, 1996, as a party to the crime, of one count of armed robbery and two counts of false imprisonment while armed, and was sentenced to 43 years imprisonment. He is currently incarcerated at the Green Bay Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

The two grounds upon which Maddox seeks to challenge his state court conviction are ineffective assistance of his appellate counsel and his trial counsel. Maddox asserts his trial counsel was ineffective for failing to explain to him that the trial court was not bound by the terms of his plea agreement. He also says his trial counsel was ineffective for not objecting to the trial court's alleged failure to address the fact it was not bound by the agreement and its alleged failure to explain the elements of his offense. Maddox further claims his trial counsel was ineffective for not providing critical information concerning his plea.[1] Maddox claims his post-conviction counsel was ineffective for failing to bring claims of ineffective assistance on the part of his trial counsel during his post-conviction proceeding. He also asserts that she was ineffective for abandoning his appeal to the Wisconsin Supreme Court or "Federal review" of his claims. (Pet. at 7.)

Review of the petition and attachments reveals that it is likely untimely. With respect to timeliness, 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), states that an application for writ of habeas corpus by a person in custody for a state conviction must be filed within one year of the latest of (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date an unlawful impediment to filing a petition is removed; (C) the date on which the

---

[1]The actual text of the petition confusingly reads:

Trial Counsel deprived the defendant of effective assistance of counsel when he failed to explain to the defendant that the Court was not bound by the terms of the agreement and failed to object to the Courts failure to the defendant properly the Court was not bound by the agreement or properly explain the elements of the crimes charged or the facts of the amendment. Trial Counsel also failed to provide Criticle [sic] information concerning the plea.

(Pet. at 6-7.)

constitutional right asserted was initially recognized by the Supreme Court, if newly recognized; or (D) the date on which the factual predicates of the claim could have been discovered through the exercise of due diligence. Any time during which a properly filed application for state post-conviction relief is pending is not counted toward the limitations period. 28 U.S.C. § 2244(d)(2).

Shortly after the entry of judgment, Maddox moved to withdraw his plea. The trial court denied his motion without an evidentiary hearing, and the Wisconsin Court of Appeals affirmed the judgment of conviction and the order denying Maddox's motion to withdraw his plea on July 21, 1997. (Dkt. #1-2 at 4.) Although the petition indicates he appealed this decision to the highest state court, there is no information attached to the petition regarding such an appeal. (Pet. at 3.) Indeed, Maddox claims his appellate counsel was ineffective for failing to appeal the court of appeals' decision to a higher court. Thus, roughly speaking, Maddox's conviction became "final" at some point in late 1997 following the court of appeals' decision and his failure to appeal that decision to either the Wisconsin or United States Supreme Court. That started the one-year clock ticking on his ineffective assistance of trial counsel claim. Moreover, it is clear from his allegations that the factual predicate for his ineffective assistance of trial and appellate counsel claim existed as early as 1997, the time his appellate lawyer allegedly failed to timely appeal the decision of the state court of appeals. *See Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000). Both of Maddox's claims were thus "final" for § 2244 purposes at least by 1998, and from that point he had until some time in 1999 (again, roughly speaking), in which to file a federal habeas petition.

Maddox filed a pro se motion for post-conviction relief raising the issues he now asserts before this court approximately seven years later on September 26, 2006. The motion was denied

3

by the trial court on October 4, 2006, on the ground it was procedurally barred under *State v. Escalano-Naranjo*, 185 Wis. 2d 186, 517 N.W.2d 157 (1994), and *State v. Tillman*, 2005 WI App. 71, ¶¶ 25-27, 281 Wis. 2d 157, 696 N.W.2d 574, because Maddox had failed to previously assert the claims on the previous appeal. The court of appeals affirmed the trial court's decision on August 14, 2007, and the Wisconsin Supreme Court denied a petition for review on January 22, 2008. Although the Wisconsin court's disposition of the claims may not bar federal habeas relief, *see Page v. Frank*, 343 F.3d 901 (7th Cir. 2003), this would not affect the question of whether Maddox's § 2254 petition is timely. The fact that Maddox more recently sought relief in the state courts for his 1996 conviction would not extend his time for filing a federal § 2254 petition if, as it appears, it had already expired. Thus, it plainly appears from the face of the petition and the attachments that Maddox is not entitled to relief under § 2254.

The one-year period is tolled, however, if the state creates an impediment to filing a petition: "The limitation period shall run from the latest of . . . the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1). An untimely petition may also be saved if grounds exist to equitably toll the limitation period. Equitable tolling of the limitation period may be warranted if "extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir.2004) (citation omitted); *see also Moore v. Battaglia*, 476 F.3d 504, 506 (7th Cir. 2007). For this reason, the Supreme Court has cautioned that before dismissing a habeas application for untimeliness, a court must grant the petitioner fair notice and afford him an opportunity to present his position. *Day v. McDonough*, 547 U.S. 198, 211 (2006).

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order petitioner shall show cause, if any, why his application for federal habeas relief is not time-barred. If petitioner fails to respond within 21 days, his petition will be dismissed with prejudice.

Dated this ___1st___ day of December, 2008.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge